```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

John Raynes of North
Lincoln Street, LLC,
     Plaintiff

     v.                              Case No. 11-cv-579-SM
                                     Opinion No. 2012 DNH 096
City of Keene, New Hampshire,
     Defendant

## O R D E R

Plaintiff's pro se complaint asserts two causes of action against the City of Keene, New Hampshire.  In Count I, plaintiff says the City inversely condemned property he owned on North Lincoln Street and refuses to pay just compensation, all in violation of his federal constitutional rights.  In Count II, plaintiff says the City defrauded him in that it negligently or intentionally made misrepresentations of fact upon which he relied in selling the referenced property to the City.

The City moves to dismiss the complaint and plaintiff objects.

While the facts pled in the complaint are somewhat sparse, even construing them favorably to plaintiff, it is clear that plaintiff actually sold the North Lincoln Street property to the City.  The City did not exercise eminent domain power, it did not

encumber the property in any way, nor did it take the property outside of eminent domain proceedings.  According to the complaint, the City bought the property from plaintiff, and paid the agreed upon price of $83,604.00.

But, says plaintiff, the City made a number of material misrepresentations of fact, upon which he presumably relied in deciding (he says he was "forced") to sell.  For example, he alleges that the City led him to believe that an access road would be abandoned, thereby rendering his subdivided property virtually worthless.  And, he claims the City fraudulently represented that soil samples taken from the property suggested contamination, when in fact the soil samples were taken from a different site.  That is to say, plaintiff claims the sale was a product of negligent or intentional misrepresentation and fraud.  Accordingly, he seeks damages measured by the difference between what the City paid him and what he claims is the actual fair market value of the property.

## Discussion

The inverse condemnation count fails on several grounds, the most prominent being:  1) a sale does not constitute a government "taking" of property by condemnation, directly or inversely.  See generally United States v. Clarke, 445 U.S. 253, 257 (1980) ("The

phrase 'inverse condemnation' appears to be one that was coined simply as a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted."); and 2) plaintiff has not pled facts sufficient to satisfy the ripeness requirements established in Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).

Before a federal Takings Clause suit may be brought, a plaintiff must plead (and eventually establish) that, among other things, he "sought (and was denied) just compensation by means of an adequate state procedure (the 'state action requirement')." Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 91 (1st Cir. 2003) (citing Williamson County, 473 U.S. at 186, 194-95); see also Downing/Salt Pond Partners, L.P. v. Rhode Island, 643 F.3d 16 (1st Cir. 2011).

New Hampshire law provides an adequate process for obtaining compensation with respect to inverse condemnation claims, and resort to that process will likely yield just compensation for regulatory takings that occur. See Donna Boutin Real Estate, LLC v. Town of Epping, 2010 WL 932774 (D.N.H. 2010) (citing Arcidi v. Town of Rye, 150 N.H. 694, 698 (2004); and Rowe v. Town of North Hampton, 131 N.H. 424, 430-33 (1989)). Because plaintiff does

3

not allege that he sought and was denied just compensation through available state (inverse) condemnation procedures, or that he is somehow excused from that obligation, his federal claim is not "ripe" and must be dismissed.

Count II is essentially pled as a common law fraud-in-the-inducement cause of action. Because the federal claim is dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claim, which plaintiff is free to pursue in state court. See generally 28 U.S.C. § 1367; see also Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).

## Conclusion

Defendant's motion to dismiss (document no. 4) is granted for the reasons given in this order. Counts I and II are dismissed, but without prejudice.[1]

---

[1] Parenthetically, the court notes that because plaintiff's complaint is somewhat ambiguous, it is unclear whether he actually held title to the property at issue, or whether it was owned by an limited liability company. If an LLC owned the property, plaintiff would not ordinarily be permitted to appear pro se on its behalf. See Local Rule 83.6 ("A corporation, unincorporated association, or trust may not appear in any action or proceeding pro se.").

**SO ORDERED.**

                                          _____
                                          Steven J. McAuliffe
                                          United States District Judge

June 5, 2012

cc:   John Raynes, pro se
      David P. Slawsky, Esq.
      Thomas P. Mullins, Esq.